UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CHRISTINE CUCINOTTA, for herself and all
others similarly situated,

                             Plaintiff,          **REPORT AND RECOMMENDATION**

        -against-                          **CV 19-00057 (SJF)(AYS)**

PERSONAL TOUCH HOLDING CORP. and
PERSONAL-TOUCH HOME CARE OF
BALTIMORE, INC.,

                            Defendants.
-------------------------------------------------------------X

**SHIELDS, Magistrate Judge:**

Plaintiff Christine Cucinotta ("Cucinotta" or Plaintiff") commenced this case, on behalf of herself and others similarly situated, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq. (the "FLSA") and parallel provisions of Maryland State Law. Plaintiff names two separate corporate defendants – Personal Touch Holding Corp. ("PTHC") and Personal Touch Home Care of Baltimore ("PT Baltimore"). PTHC maintains its corporate headquarters within the Eastern District of New York. PT Baltimore is located in Baltimore, Maryland.

Presently before this Court, upon referral by the Honorable Sandra J. Feuerstein for Report and Recommendation, is the motion of Defendant PTHC to dismiss. As set forth below, this Court respectfully recommends that the motion be denied.

BACKGROUND

I.    Procedural History

Plaintiff filed the initial Complaint herein on January 3, 2019. Docket Entry herein ("DE") 1. On February 13, 2019, the District Court referred the case to this Court's mediation

1

program. DE 21. PT Baltimore filed its answer on March 28, 2019. DE 29. On the same day, Personal Touch Home Care of New York (a Defendant who is not named in Plaintiff's presently operative pleading) filed a motion to dismiss. On the next day, that motion was denied for failure to follow the rules of the District Court. See Electronic Order dated March 29, 2019.

On April 5, 2019, Plaintiff filed an amended complaint naming only PTHC and PT Baltimore as Defendants. DE 31. PT Baltimore filed its answer to the amended complaint on May 3, 2019. DE 38. Shortly thereafter, the District Court granted the parties' motion to stay the order referring this matter to mediation, pending a decision as to Defendant PTHC's motion to dismiss. That stay was conditioned on the making of any such motion no later than June 17, 2019. See Electronic Order dated May 7, 2019. In accord with the direction of the District Court, PTHC filed a fully briefed motion to dismiss on May 24, 2019. DE 42. In an order dated July 17, 2019, the District Court referred that motion to this Court for Report and Recommendation. DE 45.

II.     The Allegations of the Amended Complaint

As required in the context of this motion to dismiss, the factual allegations in the amended complaint, though disputed by Defendants, are accepted to be true for purposes of this motion. All reasonable inferences are drawn therefrom in favor of the Plaintiff. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Town of Babylon v. Fed. Hous. Fin. Agency, 699 F.3d 221, 227 (2d Cir. 2012).

    A.     Plaintiff and the Alleged Wage Violations

Plaintiff is a resident of the State of Maryland. She is a registered nurse who worked for Defendants performing home health care services in Maryland from March of 2013 to September of 2017. DE 31 ¶ 8. The alleged wage violations stem from Plaintiff's allegations that she was

improperly classified as an "exempt employee". Instead of being classified as exempt, Plaintiff states that Defendants compensated her pursuant to an "invalid quasi-salary-based compensation scheme". DE 31 ¶ 17. Among other things, this method of payment is alleged to have resulted in the denial of overtime wages to which Plaintiff alleges entitlement.

    B.    <u>Defendants PTHC and PT Baltimore</u>

PTHC is a Delaware Corporation with its corporate headquarters located in Nassau County, New York. DE 31 ¶ 10. It is alleged to be engaged in the business of providing home health care services in at approximately twenty-five locations in seven states, including Maryland. <u>Id.</u> Each PTHC local office is alleged to be organized as a separate corporate entity, all of which are subsidiaries of PTHC. PT Baltimore, one of those separately organized subsidiaries of PTHC, is a Maryland Corporation with its principal place of business in Towson, Maryland. DE 31 ¶ 11.

Despite their separate corporate existences, PTHC is alleged to control, and to be directly responsible for the operation of its subsidiaries, and for the wage and hour policies that form the basis of the illegal conduct in this matter. DE 31 ¶ 10. Relevant to the claims alleged here, Plaintiff states that PTHC and its corporate subsidiaries (including PT Baltimore) form a single common enterprise as defined by the FLSA, and is therefore liable as an employer under that statute. Thus, PTHC and PT Baltimore are stated to be "engaged in related activities, under unified operation and common control, with a common business purpose, with common employment policies and practices". DE 31 ¶ 12. Defendants are further alleged to "have common ownership, engage in common advertising and marketing activities (including a common website, www.pthomecare.com), and hold themselves out to the general public a single unified entity, typically under the names "Personal-Touch Home Care" or "Personal Touch

3

Home Care, Inc." Id. Of particular relevance to the wage claims raised, Plaintiff alleges that PTHC has authority and exerts operational control over the terms and conditions of employment of the employees of each of its corporate subsidiaries, including PT Baltimore. DE 31 ¶ 13. Such control is stated to include authority over decisions to hire and fire, as well as the authority to make, direct and supervise employee work, and to classify employees as exempt or non-exempt. Id. Plaintiff states that the "quasi-salary-based pay scheme" pursuant to which she was paid, was "devised and dictated by corporate officers and management at PTHC's corporate New York headquarters." DE 31 ¶ 18. This statement is supported by the allegation that the corporate office of PTHC "held periodic conference calls with the Administrators of every office and region for the purpose of communicating and implementing its corporate policies uniformly in all offices nationwide." Id. Plaintiff further alleges that entities such PT Baltimore "were not empowered to deviate from these corporate policies and practices, including the quasi-salary-based pay scheme that Defendants imposed on Plaintiff and other Clinicians." Id.

Plaintiff names particular PTHC personnel as being involved in employee classification and compensation decisions. Thus, the Amended Complaint refers specifically to PTHC Vice President of Operations Trudy Balk, and to Nany Roa, its Director of Human Resources. DE 31 ¶ 13. These individuals are stated to be among those who direct, implement, and supervise the wage and hour practices of subsidiary offices such as PT Baltimore. Id. In further support of her allegations that PTHC is responsible for the wage violations alleged in the Amended Complaint, Plaintiff alleges that PTHC is the payor listed on her paychecks. DE 31 ¶ 14.

III.   The Motion to Dismiss

PTHC seeks dismissal of the Amended Complaint on the ground that Plaintiff fails to allege facts sufficient to support her claim that PTHC is her "employer" under either Federal or

State law. PTHC states that it is not Plaintiff's employer, and that the Amended Complaint fails to overcome the "strong presumption" that a parent corporation is not deemed the employer of its subsidiaries' employees. PTHC Memorandum of Law in Support of Motion to Dismiss, DE 42-4 at 6. PTHC characterizes Plaintiff's pleading as insufficient under the standards set forth in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), because it does nothing more than recite the legal standard for enterprise liability. In that vein, PTHC argues that the allegations in the Amended Complaint are nothing more than formulaic recitations of the elements of Plaintiff's causes of action. Defendant's argument seeks to draw a particular distinction between conclusory facts (stated not supported here by specific factual allegations) and those that are non-conclusory (those stated to be unsupported by specifically alleged facts).

In opposition to the motion, Plaintiff takes issue with the "strong presumption" language quoted above which she characterizes as placing an improper burden on her pleading. In contrast to Defendant's position, Plaintiff notes the broad definition of the term "employer" under the FLSA, which definition is mirrored by Maryland state law. She argues that when that broad definition is paired with the remedial purposes of Federal and state wage and hour laws, the factual allegations in the Amended Complaint are more than sufficient to state a claim. See generally Plaintiff's Memorandum in Opposition to Motion to Dismiss, DE 43.

DISCUSSION

I.  Legal Principles

   A.   Rule 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79 (quoting, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also

5

Arista Records, LLC v. Doe 3, 604 F.3d 110, 119–20 (2d Cir. 2010). Facial plausibility is established by pleading factual content sufficient to allow a court to reasonably infer the defendant's liability. Twombly, 550 U.S. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 555. Nor is a pleading that offers nothing more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," sufficient. Iqbal, 556 U.S. at 678 (2009) (quoting Twombly, 550 U.S. at 555).

When considering whether a pleading states a claim, it is useful to bear in mind the elements of the prima facie claim forming the basis of a plaintiff' complaint. Cf. Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 84 (2d Cir. 2015) (considering elements of prima facie employment discrimination case in context of motion to dismiss); Littlejohn v. City of New York, 795 F.3d 297, 304; 310 (2d Cir. 2015) (same). Importantly, in the context of a motion to dismiss, the elements of plaintiff's claim are considered not to determine whether they state a prima facie claim, but because they "provide [a helpful] outline of what is necessary to render [a plaintiff's] claims for relief plausible." Friel v. County of Nassau, 947 F. Supp. 2d 239, 251 (E.D.N.Y. 2013) (quoting Sommersett v. City of New York, 2011 WL 2565301, at *5 (S.D.N.Y. 2011)).

B.  Employer Liability under the FLSA

The FLSA defines an employer to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. §203(d). This definition also applies under Plaintiff's state law claims. See Turner v. Human Genome Science, Inc., 292 F. Supp. 738, 744 (D. Md. 2003). Regulations promulgated pursuant to the FLSA recognize that there may be cases where an employee is deemed to be employed by separate entities for

6

purposes of the FLSA. See 29 C.F.R. § 791.2(a). Thus, the relevant regulation states that a "single individual may stand in the relation of an employee to two or more employers at the same time under the Fair Labor Standards Act of 1938", and that "there is nothing in the act which prevents an individual employed by one employer from also entering into an employment relationship with a different employer". Id.

The joint employer scenario envisioned by the FLSA regulations is recognized by courts to include a broad range of employment relationships. As observed by the Second Circuit, "the striking breadth" of the FLSA's definition of employer "stretches the meaning of 'employee' to cover some parties who might not qualify as such under a strict application of traditional agency law principles." Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318, 326 (1992). Thus, that application goes beyond the traditional "master-servant" relationship. Instead, the FLSA "encompasses 'working relationships, which prior to [the FLSA], were not deemed to fall within an employer-employee category'". Zheng v. Liberty Apparel Co., Inc., 355 F.3d 61, 68 (2d Cir. 2003), (quoting, Walling v. Portland Terminal Co., 330 U.S. 148, 150–51 (1947)).

When considering the joint employer question, courts looks to the "economic reality" of the employment relationship. This test looks beyond the formal right to control the work of the employee, and includes consideration of the following "four nonexclusive factors": "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." Mondragon v. Kaff, 2019 WL 2551536, *7 (S.D.N.Y. May 31, 2019), (quoting, Irizarry v. Catsimatidis, 722 F.3d 99, 105 (2d Cir. 2013)). "The inquiry is a totality-of-the-circumstances approach, so no one factor is dispositive."

Mondragon v. Kaff, 2019 WL 2551536, *7, (quoting, Tackie v. Keff Enters., LLC, 2014 WL 4626229, at *2 (S.D.N.Y. September 16, 2014)).

The fact-based nature of the FLSA employer/employee question is well-recognized in this Circuit. Barfield v. New York City Health and Hosps. Corp., 537 F.2d 132, 140 (2d Cir. 2008) (employment under the FLSA is "a flexible concept to be determined on a case-by- case basis by review of the totality of the circumstances"). This inquiry is guided by the long-recognized remedial purpose of the FLSA. See id. at140 (noting that FLSA statutory definitions of employer "sweep broadly"). Similarly, the regulation recognizes that the question of whether separate entities are "joint" employers for purposes of the FLSA is a fact specific determination to be considered on a case by case basis. See id.

To be sure, the FLSA's broad definition of employer, and the legal principles referred to above, do not always lead to a holding that entities at every level in a corporate hierarchy are employers for purposes of the wage and hour laws. However, the economic reality of the circumstances may lead to the conclusion that certain parent corporations are indeed FLSA employers. This is especially true when courts consider facts developed in light of the remedial goals of the FLSA which call for "an expansive interpretation of its provisions so that they will have 'the widest possible impact in the national economy.'" Irizarry, 722 F.3d at 110 (quoting Hermann v. RSR Sec. Servs., Ltd., 172 F.3d 132, 139 (2d Cir. 1999).

II.  The Motion to Dismiss is Denied

As noted above, this Court must, at this stage of the proceedings, accept all factual allegations in the complaint as true and to draw all reasonable inferences in the plaintiff's favor. When those allegations are accepted, there is no question but that the motion must be denied.

8

The question of whether an entity is an employer for purposes of the FLSA is a fact specific inquiry. Plaintiff here pleads non-conclusory facts sufficient to plausibly allege that PTHC is her employer. She states, inter alia, that the allegedly illegal compensation scheme was "devised and dictated" by PTHC, and that PTHC officers (who are particularly named in the operative pleading) held conference calls with local offices to communicate and implement that compensation policy. Plaintiff further starts that PTHC is the payor listed on her paychecks, and that the defendants named herein hold themselves out to the public as having a common ownership. Plaintiff's allegations are supported by referring to particular individual and by reference to Defendants' common website. The facts set forth in the amended complaint are more than sufficient to plausibly allege an employee/employer relationship between Plaintiff and PTHC. While Plaintiff's position may not be borne out by facts developed after discovery, facts alleged at this point are sufficient to set forth a plausible claim under the FLSA at this juncture. The motion should therefore be denied, and Plaintiff should be allowed to proceed to discovery.

## CONCLUSION

For the foregoing reasons, this Court respectfully recommends that the motion to dismiss of Defendant PTHC, appearing as Docket Entry No. 42 herein, be denied.

## OBJECTIONS

A copy of this Report and Recommendation is being provided to all counsel via ECF.  Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of filing of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections.  Failure to file objections within fourteen (14) days will preclude further review of

this report and recommendation either by the District Court or Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision").


Dated:  Central Islip, New York
        July 24, 2019

                                                                           /s/ Anne Y. Shields
                                                                          Anne Y. Shields
                                                                          United States Magistrate Judge