FILED
CLERK
9:45 am, Oct 08, 2019
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHRISTINE CUCINOTTA, for herself and all others similarly situated,

                    Plaintiff,

  -against-

PERSONAL TOUCH HOLDING CORP. and
PERSONAL-TOUCH HOME CARE OF
BALTIMORE, INC.,

                    Defendants.
------------------------------------------------------------X

**ORDER**
**19-CV-0057(SJF)(AYS)**

FEUERSTEIN, District Judge:

Pending before the Court are the objections of defendants Personal Touch Holding Corp. ("PTHC") and Personal-Touch Home Care of Baltimore, Inc. ("PT Baltimore") (collectively, "defendants") to the Report and Recommendation of the Honorable Anne Y. Shields, United States Magistrate Judge, dated July 24, 2019 ("the Report"), recommending that their motion to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure be denied. For the reasons set forth below, defendants' objections are overruled and the Report is accepted in its entirety.

I.    Discussion

    A.    Standard of Review

Any party may serve and file written objections to a report and recommendation of a magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. §

1

636(b)(1); Fed. R. Civ. P. 72(b)(3). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). To accept the report and recommendation of a magistrate judge to which no specific, timely objection has been made, the district judge need only be satisfied that there is no clear error apparent on the face of the record. *See* Fed. R. Civ. P. 72(b); *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000) (a court may review a report to which no timely objection has been interposed to determine whether the magistrate judge committed "plain error.")

However, general objections, or "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke *de novo* review." *Owusu v. New York State Ins.*, 655 F. Supp. 2d 308, 312-13 (S.D.N.Y. 2009) (quotations, alterations and citation omitted); *see also Trivedi v. New York State Unified Court Sys. Office of Court Admin.*, 818 F. Supp. 2d 712, 726 (S.D.N.Y. 2011), *aff'd sub nom Seck v. Office of Court Admin.*, 582 F. App'x 47 (2d Cir. Nov. 6, 2014) ("[W]hen a party makes only conclusory or general objections [] the Court will review the Report strictly for clear error.[] Objections to a Report must be specific and clearly aimed at particular findings in the magistrate judge's proposal." (quotations, alterations and citation omitted)). Any portion of a report and recommendation to which no specific timely objection is made, or to which only general, conclusory or perfunctory objections are made, is reviewed only for clear error. *Owusu*, 655 F. Supp. 2d at 312-13; *see also Bassett v. Electronic Arts, Inc.*, 93 F. Supp. 3d 95, 100-01 (E.D.N.Y. 2015).

Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

B. Defendants' Objections

Defendants contend, *inter alia*, the Magistrate Judge Shields erred: (i) in "giv[ing] undue weight to conclusory allegations in the Amended Complaint and ignor[ing] the strong presumption that parent companies are generally not the employer of their subsidiaries' employees[,]" (Def. Obj. at 1; *see also Id.* at 6-7); (ii) in "improperly credit[ing] conclusory allegations" and, specifically, "the allegation that PTHC 'devised and dictated' the allegedly illegal compensation scheme[,]" (*id.* at 3); and (iii) in "draw[ing] unwarranted inferences from the conclusory allegations in the Amended Complaint[,]" and, specifically, in finding that the amended complaint alleges "that 'PTHC officers (who are particularly named in the operative pleading) held conference calls with local offices to communicate and implement' the compensation policy at issue." (*Id.* at 5).

Upon *de novo* review of the findings and conclusions in the Report to which defendants specifically object, all motion papers and the entire record, and consideration of defendants' objections to the Report and the response thereto of plaintiff Christine Cucinotta ("plaintiff" or "Cucinotta"), defendants' objections are overruled and the Report is accepted in its entirety. The Report correctly concludes, in essence, that there are sufficient factual allegations in the amended complaint from which it may reasonably be inferred that PTHC exercised enough control over the employees of PT Baltimore to state a plausible claim against it under a joint employer or "single enterprise" theory. Unlike the pleadings in the cases *Sampson v. MediSys*

3

*Health Network, Inc.*, No. 10-cv-1342, 2012 WL 3027838 (E.D.N.Y. July 24, 2012), and *Attanasio v. Cmty. Health Sys. Inc.*, 863 F. Supp. 2d 417 (M.D. Pa. 2012), upon which defendants rely, Cucinotta provides more specific facts suggesting that PTHC controlled, directly or indirectly, the conditions of employment of PT Baltimore's employees and, specifically, the compensation policy at issue in this case. Accordingly, defendants' objections are overruled.

C. Remainder of Report

There being no clear error on the face of the Report with respect to the findings and conclusions of Magistrate Judge Shields to which no specific objections are interposed, those branches of the Report are accepted in their entirety.

IV. Conclusion

For the reasons set forth above, defendants' objections are overruled; the Report is accepted in its entirety; and, for the reasons set forth therein, defendants' motion to dismiss plaintiff's claims against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is denied in its entirety.

SO ORDERED.

                                                     /s/ *Sandra J. Feuerstein*
                                                   Sandra J. Feuerstein
                                                   United States District Judge

Dated: October 8, 2019
       Central Islip, New York